1

2

3                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
4                                    AT SEATTLE

5    JAMES S. GARNETT,

6                              Petitioner,              No. C05-1438MJP

7    v.                                                 ORDER GRANTING MOTION FOR
                                                        DISCOVERY AND MOTION TO
8    RICHARD MORGAN,                                    SUPPLEMENT THE RECORD

9                              Respondent.

10

11          This matter comes before the Court on Petitioner's motion for additional discovery (Dkt. No.

12   38) and motion to supplement the record (Dkt. No. 39).  The State opposes the motions. (Dkt. Nos.

13   40 & 41.)  Having considered the motions and responses, Petitioner's consolidated reply (Dkt. No.

14   42), and the record herein, the Court GRANTS both motions.

15                                        **Background**

16          In August 2000, Mr. Garnett was convicted of first-degree murder of Dan Diorio.  The

17   prosecution's evidence included the live testimony of Kristine Stafford and the surreptitious tapes that

18   Ms. Stafford made at the prosecution's behest.  Ms. Stafford, a friend of Mr. Garnett's wife

19   Kymberly, had worn a wire during conversations with Kymberly and elicited statements that

20   implicated both Mr. Garnett and his wife in the murder.  (Dkt. No. 12, Ex. 33, at 1191-1204.)  Ms.

21   Stafford also testified in person about those conversations.  (Id.)

22          At trial, defense counsel sought to impeach Ms. Stafford by showing that prosecutors had

23   quashed two of Ms. Stafford's outstanding warrants in exchange for her cooperation.  (Id. at 1214.)

24          Following conviction, Mr. Garnett unsuccessfully appealed to the Washington Court of

25   Appeals and Washington Supreme Court.  (Dkt. 12, Exs. 5 & 10.)  He then filed a personal restraint

26   petition, which was denied by both courts.  (Dkt. Nos. 16 & 23.)  Finally, acting pro se, Mr. Garnett

filed a petition for writ of habeas corpus in this Court. (Dkt. No. 4.)  One of his claims for habeas

relief is that the prosecution deprived him of his Due Process rights under the Fourteenth Amendment

by "withholding information." (Dkt. No. 4 at 3, 22.)

On April 24, 2006, Magistrate Judge Benton issued an Report & Recommendation

recommending that the habeas petition be denied. (Dkt. No. 17.)  In October 2006, the Court

appointed counsel to represent Mr. Garnett.  On June 25, 2007, Mr. Garnett, through counsel, filed

the present motion to supplement the record and motion for discovery.  (Dk. Nos. 38, 39).  The

motion to supplement the record seeks to add evidence that a private foundation eventually gave Ms.

Stafford $5,000 for testifying against Mr. Garnett, and that prosecutors – if not Ms. Stafford herself –

knew of this award by the time of trial but did not disclose it to the defense.  The motion for

discovery seeks discovery of prosecution and police files to determine whether Ms. Stafford received

other undisclosed benefits and other evidence regarding Ms. Stafford.

**Discussion**

**I.    Motion for Additional Discovery**

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District

Courts, Petitioner requests that the Court permit discovery of the files of the Office of the Skagit

County Prosecuting Attorney, the Mt. Vernon Police Department, and the Skagit County Sheriff's

Office regarding the investigation of Dan Diorio's death, the prosecution of Mr. Garnett, and/or the

prosecution of Mr. Garnett's wife, Kymberly Garnett.  Rule 6(a) provides: "A judge may, for good

cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may

limit the extent of discovery."

Here, Mr. Garnett has shown good cause for conducting the discovery.  First, contrary to the

State's suggestion, Mr. Garnett has sufficiently raised the issue of a <u>Brady</u> violation in his habeas

petition for the purposes of this motion.[1]  In his fifth ground for relief, Mr. Garnett argues that "the

---

[1]    <u>Brady</u> requires prosecutors to disclose material evidence favorable to the defense and material either to guilt or punishment.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>United States v. Alvarez</u>, 358 F.3d 1194, 1206 n.4 (9th Cir. 2004).

1  numerous instances of misconduct and mismanagement by the State and the trial court's abuse of

2  discretion, constituted a clear denial of Petitioner's Due Process rights." (Dkt. No. 4, at 23.)

3  Petitioner mentions "numerous instances of governmental misconduct, including withholding

4  information . . . ." (Id., at 22.)  He also referenced these issues in his Personal Restraint Petition.

5  (See, e.g., Dkt. No. 12, Ex. 13, at 10, 16, 18, 19.)  For the purposes of these discovery motions, the

6  Court concludes that Mr. Garnett has adequately raised this issue.

7          Second, given the nature of his request, it is reasonable and makes sense that before he

8  obtained assistance of counsel, Mr. Garnett was not able to fully develop the issue of whether the

9  prosecution withheld material information about a key witness.  As Mr. Garnett aptly points out in his

10  reply, uncovering information withheld and suppressed by the State is a difficult task, even with the

11  assistance of counsel.  If the State did withhold evidence, it is because of that withholding that

12  Petitioner could not fully raise the issue during the state proceedings. See Slutzker v. Johnson, 393

13  F.3d 373, 385 (3d Cir. 2004).

14          Considering the fact that Petitioner mentioned the Brady issues in his habeas and personal

15  restraint petition, the fact that the Court must construe Petitioner's pro se filings liberally, see Zichko

16  v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001), and given the nature of his discovery request (i.e., for

17  information allegedly withheld by the prosecution), the Court finds that there is good cause for the

18  discovery.  The Court therefore GRANTS Petitioner's motion for additional discovery and ORDERS

19  that the State files relating to James Garnett and Kymberly Garnett and any and all relevant files of

20  the Mt. Vernon Police Department and the Skagit County Sheriff's Office be made available to the

21  Petitioner for discovery purposes.

22  **II.      Motion to Supplement Record**

23          Under Rule 7 of the Rules Governing Habeas Cases, Petitioner moves to supplement the

24  record in this case.  Rule 7 authorizes the Court to expand the record by the inclusion of additional

25  materials relevant to the determination of the merits of the petition.  Here, Mr. Garnett seeks to add

26  evidence that a private foundation eventually gave Ms. Stafford $5,000 for testifying against Mr.

1    Garnett, and that prosecutors – if not Ms. Stafford herself – knew of this award by the time of trial

2    but did not disclose it to the defense.  For the same reasons discussed above, the Court GRANTS

3    Petitioner's request.  The Court ORDERS that the record shall be enlarged to include documents

4    identified in Petitioner's Motion to Supplement the Record and attached thereto as exhibits A through

5    H.

6                                                    **Conclusion**

7            The Court GRANTS Petitioner's motions for additional discovery and to supplement the

8    record.

9            Currently pending before the Court are Petitioner's objections to Magistrate Judge Benton's

10   Report & Recommendation.  Within ten (10) judicial days of this order, Petitioner shall inform the

11   Court whether he wishes the Court to consider his objections as drafted, or whether, given the

12   Court's rulings, he will request to proceed in a different manner.

13           The Clerk is directed to send copies of this order to all counsel of record.

14           Dated this 9th day of August, 2007.

15

16                                                  Marsha J. Pechman
                                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

ORDER - 4