UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GARNETT,<br><br>               Petitioner,<br><br>   v.<br><br>RICHARD MORGAN,<br><br>               Respondent. | CASE NO. C05-1438 MJP<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY |

This comes before the Court on Petitioner's motion for certificate of appealability. (Dkt. No. 171.) Having reviewed the motion, the response (Dkt. No. 174), and the reply (Dkt. No. 176), the Court GRANTS Petitioner's motion for a certificate of appealability.

**Analysis**

To appeal a district court's final judgment under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997). The statute provides that the Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." Id. In other words, the petitioner must show that

ORDER GRANTING CERTIFICATE OF
APPEALABILITY- 1

1  "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
2  been resolved in a different manner or agree that the issues presented were 'adequate to deserve
3  encouragement to proceed further'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A claim is
4  debatable "even though every jurist of reason might agree, after the [certificate] has been granted
5  and the case received full consideration, that petitioner will not prevail." Id. at 338.

6  Petitioner James S. Garnett ("Garnett") was convicted of murder in 2000. (Dkt. No. 12,
7  Ex. 1.)  Garnett sought habeas relief based on the state prosecution's failure to disclose a key
8  witness's receipt of reward money in exchange for her cooperation and testimony at his murder
9  trial. (Dkt. No. 4.)  After holding an evidentiary hearing, the Court agreed the state prosecutors
10 failed to disclose exculpatory information but denied Garnett habeas relief because the
11 information was not material for purposes of Brady v. Maryland, 373 U.S. 83 (1963).  Garnett
12 now seeks to appeal the Court's ruling, arguing that the issue of materiality is debatable.  The
13 Court agrees.  While Respondent argues the withheld information could not have been material
14 because sufficient circumstantial evidence existed to convict Garnett without the witness's
15 testimony, reasonable jurists could disagree and find a key witness's motivations in testifying to
16 be material.  The Court finds a COA is appropriate.

## Conclusion

18 Because reasonable jurists could debate whether the withheld information was material,
19 the Court GRANTS Petitioner's motion for a certificate of appealability.
20  The clerk is ordered to provide copies of this order to all counsel.
21  Dated this 9th day of April, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING CERTIFICATE OF
APPEALABILITY- 2